Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
PATRICIA CHRISTMANN,                           )                  No. 08-04-00103-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  243rd District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20020D05036)

O P I N I O N

            Patricia Christmann appeals her conviction of two counts of tampering with a governmental
record. A jury found Appellant guilty of each count and assessed her punishment at confinement for
two years in a state jail, probated for five years. We affirm.
FACTUAL SUMMARY
            On January 22, 2002, Appellant filed an application for Medicaid and food stamps for
herself, her husband, and her three children. One of the questions on the application asked Appellant
to list all household income. The instructions informed the applicant to include “money from
training or work; money you collect from charging room and board; cash gifts, loans, or
contributions from parents, relatives, friends, and others; school grants or loans; child support; and
unemployment or government checks.” The application also asked the applicant to indicate the
name of the person working or receiving money, the name of the employer, person, or agency
providing the money, how often the money is received (once? weekly? monthly?), the amount
received, and if social security, the claim number. 
            Appellant listed her husband, Marco Christmann, as a person working or receiving money
and indicated that he was self-employed and receiving income from “Select.” She indicated that
her husband’s total income was $120. Another question asked, “Have you--or has anyone living
with you--worked in the past three months?” Appellant answered “yes.” Appellant signed the
application and swore under penalty of perjury that the information on the application was true and
correct to the best of her knowledge.
            Appellant filed a second application for food stamps on April 25, 2002 for herself, Marco,
and the children. On this application, Appellant again listed her husband as a person working or
receiving money and listed his employer as “Auto Fresh self” but she did not write anything in the
boxes which asked how often he received income or the amount. As was the case with the first
application, Appellant answered affirmatively the question asking whether anyone living with her
had worked in the past three months, but she did not identify any employers or the income received. 
She answered “no” in response to another question, “Have you--or anyone living with you--quit a
job in the last 60 days?”
            David Huerta, a caseworker who determines a person’s eligibility for government assistance
programs, interviewed Appellant in January and April in connection with each of the applications. 
During those interviews, Huerta went over the applications, including these sections, and specifically
questioned Appellant regarding the need to make any changes. Appellant did not make any changes
to either application.
            In September of 2002, Eric Brown, an investigator with the Office of the Inspector General,
was assigned to investigate whether Appellant had improperly received food stamps after the Income
Eligibility Verification System indicated that her household was receiving income not reported on
her application for benefits. The Texas Workforce Commission had reported that Marco was
receiving income from Ranstad Temporary Services between October 1, 2001 through April 28,
2002. Through his investigation and examination of Ranstad’s payroll records, Brown verified that
Marco had worked full-time for West Texas Container (WTC) from January 2002 through April
2002. On April 29, 2002, Marco became a permanent employee of WTC and he was still employed
there at the time Brown conducted his investigation. Appellant did not disclose the income Marco
received on either application and Brown did not find any evidence that Appellant had attempted to
change the information she provided in both applications. Because Appellant did not list Marco’s
income on the applications, she received $1,760 in food stamps and $2,224.56 in Medicaid benefits
to which she was not entitled.


 Brown interviewed Appellant on September 18, 2002 and she
verified that she had filled out the applications and had signed them.
            At trial, Marco testified that he had been living with Appellant off and on for over fifteen
years due to marital problems brought on in part by his problem with alcohol. He was living with
Appellant during the relevant time period--January through April of 2002. Marco began temporary
assignments through Ranstad in October of 2001, and he was assigned to work at WTC beginning
in December of 2001. In April or May of 2002, he began working full-time for WTC. Marco
ordinarily set aside money from his paycheck for bills, groceries, and gas, and spent the remainder
on beer and “to party.” He did not let Appellant know how much he made because she would not
let him keep any of it to “go blow on anything.” However, Appellant knew that Marco was working
full-time and he was paying the household bills and buying groceries for the family. 
            Appellant testified at trial that she was aware of Marco’s employment at Ranstad and WTC
but she did not include it in the applications because she had called in the information to DHS in
December of 2001 when Marco began working at WTC. Since DHS had made a number of other
errors in her file, she believed it had simply failed to note the change she had called in regarding
Marco’s employment. She also claimed that she had spoken with Huerta about Marco’s employment
at Ranstad and WTC in April of 2002. Appellant denied having any intent to defraud the
government. The jury rejected Appellant’s testimony and defense and found her guilty of two counts
of tampering with a governmental record.
SUFFICIENCY OF THE EVIDENCE
            By six issues, Appellant challenges the legal and factual sufficiency of the evidence to
support her convictions. 
Standards of Review
            In reviewing the legal sufficiency of the evidence to support a criminal conviction, we must
review all the evidence, both State and defense, in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61
L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 159 (Tex.Crim.App. 1991), overruled on
other grounds, Paulson v. State, 28 S.W.3d 570 (Tex.Crim.App. 2000). This familiar standard gives
full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh
the evidence, and to draw reasonable inferences from basic to ultimate facts. Jackson, 443 U.S. at
319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573. We do not resolve any conflict of fact or assign credibility
to the witnesses, as it was the function of the trier of fact to do so. See Adelman v. State, 828 S.W.2d
418, 421 (Tex.Crim.App. 1992); Matson v. State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991).
Instead, our duty is only to determine if both the explicit and implicit findings of the trier of fact are
rational by viewing all of the evidence admitted at trial in a light most favorable to the verdict.
Adelman, 828 S.W.2d at 422. In so doing, any inconsistencies in the evidence are resolved in favor
of the verdict. Matson, 819 S.W.2d at 843. Further, the standard of review is the same for both
direct and circumstantial evidence cases. Geesa, 820 S.W.2d at 158.
            In reviewing factual sufficiency of the evidence to support a conviction, we are to view all
the evidence in a neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7
(Tex.Crim.App. 2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). In Zuniga v.
State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004), the Court of Criminal Appeals clarified the
factual sufficiency standard and linked the appellate standard of review to the beyond a reasonable
doubt burden of proof. There is only one question to be answered in a factual sufficiency review:
Considering all of the evidence in a neutral light, was a jury rationally justified in finding guilt
beyond a reasonable doubt? Zuniga, 144 S.W.3d at 484. However, there are two ways in which the
evidence may be insufficient. Id. First, when considered by itself, evidence supporting the verdict
may be too weak to support the finding of guilt beyond a reasonable doubt. Id. Second, there may
be both evidence supporting the verdict and evidence contrary to the verdict. Id. Weighing all the
evidence under this balancing scale, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met, so the guilty verdict should not stand. 
Id. at 485. This standard acknowledges that evidence of guilt can “preponderate” in favor of
conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt. Id.
Stated another way, evidence supporting guilt can “outweigh” the contrary proof and still be factually
insufficient under a beyond-a-reasonable-doubt standard. Id. In performing this review, we are to
give due deference to the jury verdict, as well as to determinations involving the credibility and
demeanor of witnesses. Zuniga, 144 S.W.3d at 481.
Elements of the Offense
            A person commits tampering with a governmental record if he knowingly makes a false entry
in, or false alteration of, a governmental record. Tex.Penal Code Ann. § 37.10(a)(1)(Vernon Supp.
2005). This offense is a Class A misdemeanor unless the actor’s intent is to defraud or harm another,
in which event the offense is a state jail felony. Tex.Penal Code Ann. § 37.10(c)(1).


 A person
acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances
surrounding his conduct when he is aware of the nature of his conduct or that the circumstances
exist. Tex.Penal Code Ann. § 6.03(b)(Vernon 2003). Conduct includes an act or omission and
its accompanying mental state. Tex.Penal Code Ann. § 1.07(a)(10)(Vernon Supp. 2005).
            Count II of the indictment


 alleged that on January 22, 2002, Appellant knowingly made a
false entry in the application for assistance kept by the Texas Department of Human Services, by
failing to list household income received by Marco Christmann in the section of the application
which instructs the applicant to “List all of your household’s income below.” Count III of the
indictment made the same allegation for the application signed by Appellant on April 25, 2002. Both
counts alleged that Appellant acted with intent to defraud and harm David Huerta, an employee of
the Texas Department of Human Services. 
False Entry
            The first four issues relate to Appellant’s argument that the evidence is legally and factually
insufficient to prove that she made a false entry on a governmental record. In Issues One and Two,
she contends that because she did not make any entry at all, she could not have made a false entry. 
She additionally claims that making a false entry necessarily requires an affirmative act and does not
include a failure to act or omission.
            Both applications asked Appellant to list all household income. With respect to Count II,
the evidence, when considered in the light most favorable to the verdict, shows that Appellant failed
to disclose on the January 2002 application that Marco received income from Ranstad and instead
restricted her answer to Marco’s $120 income from self-employment.


 Thus, Appellant’s assertion
that she made no entry is inaccurate. A rational trier of fact could have found beyond a reasonable
doubt that Appellant, by failing to list all of Marco’s income, knowingly made a false entry on the
portion of the form asking her to list all household income. After considering all of the evidence in
a neutral light, we also conclude that the jury was rationally justified in finding guilt on Count II
beyond a reasonable doubt.
            Regarding Count III, Appellant indicated that Marco’s self-employment with Auto Fresh was
a source of household income but she did not specify the amount. She did not disclose Marco’s
employment with Ranstad and West Texas Container or his income. Rather than making “no entry”
as Appellant claims, Appellant represented that the total household income was limited to Marco’s
self-employment. A rational trier of fact could have found beyond a reasonable doubt that by failing
to list all of Marco’s income, Appellant knowingly made a false entry on the portion of the form
asking her to list all household income. After considering all of the evidence in a neutral light, we
also conclude that the jury was rationally justified in finding guilt on Counts II and III beyond a
reasonable doubt. We overrule Issues One and Two.
            In Issues Three and Four, Appellant complains that the evidence is legally and factually
insufficient because she accurately reported a portion of her husband’s income, and therefore, did
not make a false entry. Viewing the evidence in the light most favorable to the verdict, it shows that
the January application asked Appellant to list all of the household income, but she listed only a
portion of the household income. Appellant’s representation on the application that the entire
household income consisted of $120 is false because the household also received income through
Marco’s employment with Ranstad. Likewise, Appellant represented on the April application that
Marco was not receiving any income and she failed to report his income from Ranstad and West
Texas Container. We conclude that a rational trier of fact could have found beyond a reasonable
doubt that Appellant knowingly made a false entry regarding the total household income on both the
January and April applications for assistance. After considering all of the evidence in a neutral light,
we also conclude that the jury was rationally justified in finding this element was established beyond
a reasonable doubt in connection with both Counts II and III. Issues Three and Four are overruled.
Intent to Defraud
            In Issues Five and Six, Appellant challenges the legal and factual sufficiency of the evidence
to prove that she had an intent to defraud or harm. The jury charge did not define “intent to defraud”
but we measure the sufficiency of the evidence by the elements of the offense as defined by a
hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). In
the context of tampering with a governmental record, intent to defraud another is sometimes defined
as a conscious objective or desire to cause another to rely upon the falsity of a representation, such
that the other person is induced to act or to refrain from acting. Wingo v. State, 143 S.W.3d 178, 187
(Tex.App.--San Antonio 2004, pet. granted), citing 41 Tex.Jur.3d Fraud and Deceit § 9 (1998);
Martinez v. State, 6 S.W.3d 674, 678 (Tex.App.--Corpus Christi 1999, no pet.). The Texas Penal
Code defines harm as “anything reasonably regarded as loss, disadvantage, or injury, including harm
to another person in whose welfare the person affected is interested.” Tex.Penal Code Ann.
§ 1.07(a)(25). The State can establish intent to defraud or harm by circumstantial evidence as well
as by direct evidence. Burks v. State, 693 S.W.2d 932, 936-37 (Tex.Crim.App. 1985). 
            When taken in the light most favorable to the verdict, the evidence established that Appellant,
who had filed for assistance in the past, had knowledge of her husband’s employment and income
with Ranstad and West Texas Container but she did not list the employment or income on either
application for assistance. If Appellant had disclosed these facts, she would have been ineligible for
Medicaid and would have received a substantially reduced amount of food stamps. From this
evidence, we conclude that a rational trier of fact could have concluded beyond a reasonable doubt
that Appellant acted with intent to defraud or harm another.
            Appellant argues that the evidence is factually insufficient given her testimony that she had
previously informed DHS by telephone of Marco’s employment through Ranstad. DHS’s records
did not confirm that Appellant had reported Marco’s employment. Further, the applications asked
Appellant to report all household income, and not merely report changes to the household income. 
It was the jury’s task to assess Appellant’s credibility and determine whether to accept or reject her
explanation regarding her conduct and intent. See Goodman v. State, 66 S.W.3d 283, 287
(Tex.Crim.App. 2001)(it is for jury, not reviewing court, to choose between competing theories). 
We conclude that the jury was rationally justified in finding beyond a reasonable doubt that
Appellant acted with intent to defraud or harm another. We overrule Issues Five and Six and affirm
the judgment of the trial court.


November 30, 2005                                                     
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)